EXHIBIT "A"

INDEX # 863/2018
FILED 02/01/2018

FILE #: 30024

SUPREME COURT of the STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------X
TANIYA E. JONES

                            Plaintiff(s),

      -against-

CHEESECAKE FACTORY RESTAURANTS, INC.

                         Defendant(s).
-----------------------------------------------------------X

**Summons with Notice**

Index No.
Plaintiff(s) designates
QUEENS
County as the place of trial
The basis of venue is
SITUS OF OCCURRENCE

County of QUEENS

To the above named Defendant(s)

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: January 23, 2018
Defendant's Addresses:

BY: ROBERT J. EISEN, ESQ.,
This SUMMONS AND COMPLAINT and the papers on which it is based, are certified pursuant to Section 130-1.1-a of the rules of the Chief Administrator (22NYCRR)
**SUBIN ASSOCIATES, LLP**
Attorney(s) for Plaintiff(s)
Office and Post Office Address
150 Broadway
New York, New York 10038
(212) 285-3800

Notice: The object of this action is to recover for personal injury
        due to defendant(s) negligence

The relief sought is Monetary Damages

    Upon your failure to appear, judgment will be taken against you by default with interest from 12/10/2017 and the costs of this action

<u>**DEFENDANT(S) ADDRESS(ES)**</u>

**CHEESECAKE FACTORY RESTAURANTS INC.**
90-15 Queens Boulevard
Elmhurst, NY 11373

**CHEESECAKE FACTORY RESTAURANTS INC.**
C/O Corporation Service Company
80- State Street
Albany, New York 12207-2543

RECEIVED
FEB 01 2018
COUNTY CLERK
QUEENS COUNTY

FILE #: 30024
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
TANIYA E. JONES

                      Plaintiff(s),

      -against-

CHEESECAKE FACTORY RESTAURANTS, INC.

                      Defendant(s).
-------------------------------------------------------------X

**VERIFIED COMPLAINT**

Queens County Clerk's Office
Paym 2658837 02/01/2018 2:05p
Cashier JADIXON Register # 3

Tr.3246238            $210.00
Other
863/2018 JONES, TANIYA E. vs. CHEESECAKE FACTORY RESTAURANTS INC

Total:                 $210.00
Check               $210.00

Plaintiff, TANIYA E. JONES, complaining of the defendants, by her attorney SUBIN ASSOCIATES LLP, upon information and belief, respectfully allege(s):

1. That at all the times herein mentioned, the defendant CHEESECAKE FACTORY RESTAURANTS, INC., was and still is a corporation doing business in the State of New York.

2. That at all the times herein mentioned, the defendant CHEESECAKE FACTORY RESTAURANTS, INC., was the owner of the premises known as and located at Cheesecake Factory, 90-15 Queens Boulevard, Queens, New York.

3. That at all the times herein mentioned, the defendant CHEESECAKE FACTORY RESTAURANTS, INC., its agents, servants and/or employees operated the aforementioned premises.

4. That at all the times herein mentioned, the defendant CHEESECAKE FACTORY RESTAURANTS, INC., its agents, servants and/or employees maintained the aforementioned premises.

5. That at all the times herein mentioned, the defendant CHEESECAKE FACTORY RESTAURANTS, INC., its agents, servants and/or employees managed the aforementioned premises.

6. That at all the times herein mentioned, the defendant CHEESECAKE FACTORY RESTAURANTS, INC., its agents, servants and/or employees controlled the aforementioned premises.

7. That at all the times herein mentioned, it was the duty of the defendant(s), its agents, servants and/or employees to keep and maintain said premises in a reasonable state of repair and in a good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

8. That at all the times herein mentioned, the establishment known as Cheesecake Factory, was a restaurant, which included a bar, opened to the general public.

9. That as a part of and in the course of owning, operating, maintaining, managing and controlling the aforementioned premises, it was defendant's duty to provide utensils, plates, and glasses and to prepare and/or provide and/or serve food and/or drinks to its customers and/or patrons.

10. That at all the times herein mentioned, defendants employed certain personnel in the aforesaid premises.

11. That as a part of and in the regular course of their business, it was part of the job and/or duties of the aforementioned defendant, its agents, servants and/or employees, to stock, and re-stock the bar with utensils, plates, and glasses, and to prepare, provide and/or serve food and/or drinks to its customers and/or patrons in the aforementioned premises.

12. That at all the times herein mentioned, the plaintiff was lawfully upon the aforesaid premises.

13. That on or about 12/10/2017, the plaintiff TANIYA E. JONES was a patron of the restaurant/bar known as Cheesecake Factory.

14. That on or about 12/10/2017, the defendants assigned their agents, servants and/or employees to stock and re-stock its bar and/or re-supply its bar with glasses.

15. That at all the times herein mentioned, the defendants' agents, servants and/or employees were acting within the scope of their employment.

16. That at all the times herein mentioned, it was part of the job and/or duties of the defendant, its agents, servants and/or employees to stock/restock and/or re-supply its bar with utensils, glasses and plates.

17. That at all the times herein mentioned, it was the duty of the defendant, its agents, servants and/or employees to provide competent, responsible hosts, hostesses, maître d's, servers, waiters, waitresses, and/or busboys to stock/restock and/or re-supply its bar with utensils, glasses and/or plates.

18. That on or about 12/10/2017, while plaintiff TANIYA E. JONES was sitting at the bar of the defendant's restaurant, she was caused to be injured in her eye by a glass shard from an improperly and negligently placed glass which shattered, by reason of the negligence and lack of care of the defendant, its agents, servants and/or employees.

19. That on or about 12/10/2017, the defendants, their agents, servants and/or employees were negligent in negligently hiring, furnishing and/or retaining in its employ, personnel who were careless and negligent: in failing to train and/or in failing to adequately train and supervise its personnel: in failing to supervise and/or in failing to provide and/or maintain adequate supervision: in failing to comply with the accepted standard of proper stocking and/or re-stocking of its bar; in failing to exercise due care in stocking, restocking and supplying and re-supplying utensils, glasses and other items necessary for a functioning bar; in failing to properly perform necessary and proper skill in stocking, restocking and supplying and re-supplying utensils, glasses and other items necessary for a functioning bar: in not allowing the plaintiff to be

seated in a safe area and not be placed in a dangerous or hazardous position or subject to the working area of the defendant's personnel; in failing to properly and/or carefully place glasses in bar in front of, or near plaintiff's seating area; in improperly placing glasses in bar in front of, or near plaintiff's seating area; in failing to safeguard patrons and the plaintiff in particular; in failing to provide sidebars, stations and/or areas to stock/re-stock and/or safely place glasses in the plaintiff's seating area, allowing for plaintiff to be totally safe and/or safeguarded while on defendant's premises; in negligently and/or aggressively stocking and/or re-stocking glasses in plaintiff's seating area; in failing to comply with safe and proper standards of care; and in otherwise being careless and reckless in the operation and maintenance of said premises.

20. That this action falls within one or more of the exceptions set forth in CPLR 1602.

21. Both actual and constructive notice are claimed. Actual notice in that the defendants, their agents, servants and/or employees had actual knowledge and/or created the complained of condition; constructive notice in that the condition existed for a long and unreasonable period of time.

22. That by reason of the foregoing, plaintiff TANIYA JONES was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage, both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court.

WHEREFORE, the plaintiff(s) demands judgment against the defendants in an amount

which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court, together with the costs and disbursements of each cause of action.

DATED: New York, New York
January 23, 2018

Yours, etc.

ROBERT J. EISEN, ESQ.
SUBIN ASSOCIATES, LLP
Attorneys for Plaintiffs
150 Broadway
New York, New York 10038

STATE OF NEW YORK)
COUNTY OF NEW YORK)

The undersigned, an attorney, admitted to practice in the Courts of the State of New York. The undersigned affirms that the following statements are true under the penalties of perjury.

That deponent is associated with the attorney for the plaintiff in the within action; that deponent has read the foregoing **COMPLAINT** and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. Deponent further says that the reason this verification is made by deponent and not by plaintiff is that plaintiff resides outside of the County where your deponent holds his office.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Information and investigation in the file.

DATE: NEW YORK, NEW YORK
January 23, 2018

_____
ROBERT J. EISEN, ESQ.

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
TANIYA E. JONES

Plaintiff(s),

-against-

CHEESECAKE FACTORY RESTAURANTS, INC.

Defendant(s).

## SUMMONS AND COMPLAINT

**SUBIN ASSOCIATES, L.L.P.**
Attorneys for Plaintiff(s)
Office and Post Office Address, Telephone
150 Broadway, 23rd Floor
New York, NY 10038
Telephone (212) 285-3800
*WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION*

To:
Attorney(s) for
Service of a copy of the within is hereby admitted
Dated:,

..................................................
Attorney(s) for

PLEASE TAKE NOTICE

☐ That the within is a (certified) true copy of an ORDER entered in the office **NOTICE OF** of the clerk of the within named court on         , 20___.
**ENTRY**

☐ That an Order of which the within is a true copy will be presented for **NOTICE OF** settle to the Hon. one of the judges of the within
**SETTLEMENT** named court,
at
on          , 20___, at 10:00 a.m.

Dated:

SUBIN ASSOCIATES, L.L.P.
Attorneys for plaintiff(s)
150 Broadway, 23rd Floor
New York, NY 10038
(212) 285-3800

Attorney(s) for Defendant(s)